IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CARL ANTHONY GRIMES,

    Plaintiff,

  v.

COUNTY OF ALAMEDA, *et al.*,

    Defendants.

No. C 12-05126 WHA

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

## INTRODUCTION

In this purported civil-rights action, plaintiff challenges the termination of his parental rights. Plaintiff moves to remand this action back to state court. For the reasons stated below, the motion is **GRANTED**.

## STATEMENT

This action arises from state court juvenile dependency proceedings which resulted in the removal of plaintiff Carl Anthony Grimes' two children. Plaintiff, who is proceeding *pro se*, brings this action pursuant to 42 U.S.C. 1983 against County of Alameda and seven individuals: four case workers, a social worker, a therapist, and an attorney. Plaintiff alleges that defendants "fabricated and withheld evidence to the [state] court in order to terminate . . . plaintiff's parental rights to his children . . . ." Plaintiff states that he has "a constitutional right to have his children returned to him" and seeks $4,000,000 in damages. Plaintiff asserts five claims based on violations of his fourth, sixth and fourteenth amendment rights to the United States Constitution (Dkt. No. 1 at 7, 8, 10, 18).

1    This action has a long procedural history. It dates back to 2008 when the dependency
2    proceedings began. Briefly, the juvenile court conducted twelve-month and eighteen-month
3    review hearings. At the conclusion of these hearings, the juvenile court terminated reunification
4    services. Plaintiff appealed this decision which was affirmed by the state court of appeal.
5    The juvenile court then conducted further hearings and terminated plaintiff's parental rights
6    as to both children. Plaintiff again appealed and ultimately did not retain his parental rights.

7    On June 2011, plaintiff filed a civil-rights lawsuit in this district court alleging nearly
8    identical claims as the present action. *See Grimes v. Alameda County Soc. Services*, C 11–02977
9    WHA, 2011 WL 4948879 (N.D. Cal. Oct. 18, 2011) (Judge William Alsup). An October 2011
10   order dismissed plaintiff's claims for lack of subject-matter jurisdiction (Dkt. No. 105).
11   Specifically, the October 2011 order found that plaintiff's claims were barred by the
12   Rooker-Feldman doctrine (*ibid.*).

13   On August 2012, plaintiff filed the instant action in the California Superior Court for
14   the County of Alameda. Defendants removed the action to this district. Plaintiff now moves
15   to remand this action back to state court. Defendants argue that (1) plaintiff's motion to remand
16   is untimely as to any defect other than lack of subject-matter jurisdiction and (2) this court has
17   subject-matter jurisdiction over plaintiff's claims.

18   Notice of removal was filed on October 3 (Dkt. No. 1) and the instant motion to remand
19   was filed on November 13 (Dkt. No. 17). Thus plaintiff has missed the thirty-day window to
20   challenge any other defect than lack of subject-matter jurisdiction. As a result, plaintiff's sole
21   argument for remand must be based on a lack of subject-matter jurisdiction. Given that this
22   order grants plaintiff's remand motion, it is not necessary to consider whether this *pro se*
23   plaintiff missed deadlines due to excusable neglect.

**ANALYSIS**

25   A defendant may remove a civil action from state court to federal court if original
26   jurisdiction would have existed at the time the complaint was filed. 28 U.S.C. 1441(a).
27   "[R]emoval statutes are strictly construed against removal." *Luther v. Countrywide Homes*
28   *Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). "Federal jurisdiction must be rejected

1  if there is any doubt as to the right of removal in the first instance," such that courts must resolve
2  all doubts as to removability in favor of remand. *Gaus v. Miles*, *Inc.*, 980 F.2d 564, 566 (9th Cir.
3  1992). The burden of establishing that federal jurisdiction exists is on the party seeking removal.
4  *Id*. at 566–67.

5  As stated above, this action is nearly identical to the action which was previously
6  dismissed by this district court less than a year and a half ago. In that action, plaintiff alleged
7  that "Social Services removed my children from my home and care in violation of my and my
8  children's constitutional amendments rights, Social Services refuse to return my children to my
9  custody, Terminated my Parental rights, [and] placed my children for adoption in violation of my
10 children's amendments rights" (Dkt. No. 105 at 2). In this action, plaintiff alleges that he has a
11 constitutional right to have his children returned and that defendants use unconstitutional tactics
12 to unlawfully terminate his parental rights (Dkt. No. 1 at 17).

13 The October 2011 order dismissed plaintiff's action for lack of subject-matter jurisdiction
14 pursuant to the Rooker-Feldman doctrine. The October 2011 order held that "[a]lthough the
15 operative complaint facially asserts constitutional claims, its substance challenges the state
16 court's termination of plaintiff's parental rights. Plaintiff seeks an order undercutting that
17 decision and related decisions by the state court. This district court lacks jurisdiction to review
18 those state-court decisions" (Dkt. No. 105 at 3). So too here. Plaintiff's nearly identical
19 constitutional claims, which are facially valid, are again barred by the Rooker-Feldman doctrine.
20 Plaintiff is again trying to undercut the state court's decision to terminate plaintiff's parental
21 rights. This district court does not have subject-matter jurisdiction to hear these claims.

22 Defendant Jimmy Jun's opposition to the motion to remand does not even mention the
23 Rooker-Feldman doctrine (Jun Opp. 1–4). Defendant County of Alameda's opposition makes
24 a vague reference to Rooker-Feldman but does not address the issue head on (County Opp. 3).
25 Defendants instead argue that this court has subject-matter jurisdiction because the Section 1983
26 claims are a federal question. Defendants, however, argue in their pending motions to dismiss
27 that this court *does* lack subject-matter jurisdiction pursuant to the Rooker-Feldman doctrine
28 (Jun Br. 8–9 and County Br. 10). Defendants cannot have it both ways.

Defendants concede in their pending motion to dismiss, and this order agrees, that there is a lack of subject-matter jurisdiction pursuant to the Rooker-Feldman doctrine. This district court does not have subject-matter jurisdiction to hear plaintiff's claims and thus the action was improperly removed from state court. Accordingly, the motion to remand is **GRANTED**.

\*          \*          \*

This order makes no determination as to whether plaintiff does or does not have meritorious claims because this action is remanded for lack of subject-matter jurisdiction. There should be a forum where plaintiff's claims can be heard on the merits. That forum is state court, which is a court of general jurisdiction as opposed to federal court, which is a court of limited jurisdiction.

This order now addresses defendants' counsels' conduct in removing this action from state court. Attorneys Raymond MacKay and Lois Anne Lindstrom were lead attorneys on the action dismissed for lack of subject-matter jurisdiction less than a year and a half ago. They concede that plaintiff's claims are nearly identical to the prior action (Jun Opp. 2 and County Br. 4–5). Yet they removed this action knowing that our district court lacked subject-matter jurisdiction. Worse, they oppose the instant motion to remand, arguing that this district court *has* subject-matter jurisdiction — but argue in their pending motion to dismiss that this district court *lacks* subject-matter jurisdiction (Jun Opp. 3 and Jun Br. 8–9; County Opp. 3 and County Br. 10). The Court is disappointed that counsels would try to manipulate the system in this manner, especially considering plaintiff's status as *pro se*.

## CONCLUSION

For the reasons mentioned above, the motion to remand is **GRANTED**. The Clerk shall **FORWARD THE FILE** to the Superior Court of California, County of Alameda.

**IT IS SO ORDERED.**

Dated: December 20, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4