IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CARL ANTHONY GRIMES,

    Plaintiff,

  v.

COUNTY OF ALAMEDA, *et al.*,

    Defendants.

                         /

No. C 12-05126 WHA

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

### INTRODUCTION

In this purported civil-rights action, plaintiff challenges the termination of his parental rights. Plaintiff moves to remand this action back to state court. For the reasons stated below, the motion is **GRANTED**.

### STATEMENT

This action arises from state court juvenile dependency proceedings which resulted in the removal of plaintiff Carl Anthony Grimes' two children. Plaintiff, who is proceeding *pro se*, brings this action pursuant to 42 U.S.C. 1983 against County of Alameda and seven individuals: four case workers, a social worker, a therapist, and an attorney. Plaintiff alleges that defendants "fabricated and withheld evidence to the [state] court in order to terminate . . . plaintiff's parental rights to his children . . . ." Plaintiff states that he has "a constitutional right to have his children returned to him" and seeks $4,000,000 in damages. Plaintiff asserts five claims based on violations of his fourth, sixth and fourteenth amendment rights to the United States Constitution (Dkt. No. 1 at 7, 8, 10, 18).

This action has a long procedural history. It dates back to 2008 when the dependency proceedings began. Briefly, the juvenile court conducted twelve-month and eighteen-month review hearings. At the conclusion of these hearings, the juvenile court terminated reunification services. Plaintiff appealed this decision which was affirmed by the state court of appeal. The juvenile court then conducted further hearings and terminated plaintiff's parental rights as to both children. Plaintiff again appealed and ultimately did not retain his parental rights.

On June 2011, plaintiff filed a civil-rights lawsuit in this district court alleging nearly identical claims as the present action. *See Grimes v. Alameda County Soc. Services*, C 11–02977 WHA, 2011 WL 4948879 (N.D. Cal. Oct. 18, 2011) (Judge William Alsup). An October 2011 order dismissed plaintiff's claims for lack of subject-matter jurisdiction (Dkt. No. 105). Specifically, the October 2011 order found that plaintiff's claims were barred by the Rooker-Feldman doctrine (*ibid.*).

On August 2012, plaintiff filed the instant action in the California Superior Court for the County of Alameda. Defendants removed the action to this district. Plaintiff now moves to remand this action back to state court. Defendants argue that (1) plaintiff's motion to remand is untimely as to any defect other than lack of subject-matter jurisdiction and (2) this court has subject-matter jurisdiction over plaintiff's claims.

Notice of removal was filed on October 3 (Dkt. No. 1) and the instant motion to remand was filed on November 13 (Dkt. No. 17). Thus plaintiff has missed the thirty-day window to challenge any other defect than lack of subject-matter jurisdiction. As a result, plaintiff's sole argument for remand must be based on a lack of subject-matter jurisdiction. Given that this order grants plaintiff's remand motion, it is not necessary to consider whether this *pro se* plaintiff missed deadlines due to excusable neglect.

**ANALYSIS**

A defendant may remove a civil action from state court to federal court if original jurisdiction would have existed at the time the complaint was filed. 28 U.S.C. 1441(a). "[R]emoval statutes are strictly construed against removal." *Luther v. Countrywide Homes Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). "Federal jurisdiction must be rejected

1  if there is any doubt as to the right of removal in the first instance," such that courts must resolve
2  all doubts as to removability in favor of remand. *Gaus v. Miles*, *Inc.*, 980 F.2d 564, 566 (9th Cir.
3  1992). The burden of establishing that federal jurisdiction exists is on the party seeking removal.
4  *Id*. at 566–67.

   As stated above, this action is nearly identical to the action which was previously dismissed by this district court less than a year and a half ago. In that action, plaintiff alleged that "Social Services removed my children from my home and care in violation of my and my children's constitutional amendments rights, Social Services refuse to return my children to my custody, Terminated my Parental rights, [and] placed my children for adoption in violation of my children's amendments rights" (Dkt. No. 105 at 2). In this action, plaintiff alleges that he has a constitutional right to have his children returned and that defendants use unconstitutional tactics to unlawfully terminate his parental rights (Dkt. No. 1 at 17).

   The October 2011 order dismissed plaintiff's action for lack of subject-matter jurisdiction pursuant to the Rooker-Feldman doctrine. The October 2011 order held that "[a]lthough the operative complaint facially asserts constitutional claims, its substance challenges the state court's termination of plaintiff's parental rights. Plaintiff seeks an order undercutting that decision and related decisions by the state court. This district court lacks jurisdiction to review those state-court decisions" (Dkt. No. 105 at 3). So too here. Plaintiff's nearly identical constitutional claims, which are facially valid, are again barred by the Rooker-Feldman doctrine. Plaintiff is again trying to undercut the state court's decision to terminate plaintiff's parental rights. This district court does not have subject-matter jurisdiction to hear these claims.

   Defendant Jimmy Jun's opposition to the motion to remand does not even mention the Rooker-Feldman doctrine (Jun Opp. 1–4). Defendant County of Alameda's opposition makes a vague reference to Rooker-Feldman but does not address the issue head on (County Opp. 3). Defendants instead argue that this court has subject-matter jurisdiction because the Section 1983 claims are a federal question. Defendants, however, argue in their pending motions to dismiss that this court *does* lack subject-matter jurisdiction pursuant to the Rooker-Feldman doctrine (Jun Br. 8–9 and County Br. 10). Defendants cannot have it both ways.

1     Defendants concede in their pending motion to dismiss, and this order agrees, that there
2 is a lack of subject-matter jurisdiction pursuant to the Rooker-Feldman doctrine. This district
3 court does not have subject-matter jurisdiction to hear plaintiff's claims and thus the action was
4 improperly removed from state court. Accordingly, the motion to remand is **GRANTED**.

                              *                    *                    *

6     This order makes no determination as to whether plaintiff does or does not have
7 meritorious claims because this action is remanded for lack of subject-matter jurisdiction.
8 There should be a forum where plaintiff's claims can be heard on the merits. That forum is
9 state court, which is a court of general jurisdiction as opposed to federal court, which is a court
10 of limited jurisdiction.

11    This order now addresses defendants' counsels' conduct in removing this action
12 from state court. Attorneys Raymond MacKay and Lois Anne Lindstrom were lead attorneys
13 on the action dismissed for lack of subject-matter jurisdiction less than a year and a half ago.
14 They concede that plaintiff's claims are nearly identical to the prior action (Jun Opp. 2
15 and County Br. 4–5). Yet they removed this action knowing that our district court lacked
16 subject-matter jurisdiction. Worse, they oppose the instant motion to remand, arguing that
17 this district court *has* subject-matter jurisdiction — but argue in their pending motion to dismiss
18 that this district court *lacks* subject-matter jurisdiction (Jun Opp. 3 and Jun Br. 8–9; County
19 Opp. 3 and County Br. 10). The Court is disappointed that counsels would try to manipulate
20 the system in this manner, especially considering plaintiff's status as *pro se*.

## CONCLUSION

22    For the reasons mentioned above, the motion to remand is **GRANTED**. The Clerk shall
23 **FORWARD THE FILE** to the Superior Court of California, County of Alameda.

**IT IS SO ORDERED.**

Dated: December 20, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE